09 CV 8312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RONALD A. CHISHOLM LIMITED,

                    Plaintiff,

-v-

M-POWER FOOD INDUSTRIES PTE and
FRAZER TRADING PTE. LTD. f/k/a
FRAZER MARKETING PTE. LTD. f/k/a
M-POWER TRADING PTE. LTD.,

                    Defendants.
-----------------------------------------------------------------x

09 CV

**VERIFIED COMPLAINT**



Plaintiff, RONALD A. CHISHOLM LIMITED (hereinafter "CHISHOLM") by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendant, M-POWER FOOD INDUSTRIES PTE. (hereinafter "M-POWER FOOD") and FRAZER TRADING PTE. LTD. f/k/a FRAZER MARKETING PTE. LTD. f/k/a M-POWER TRADING PTE. LTD. (hereinafter "M-POWER TRADING"), alleges upon information and belief as follows:

## JURISDICTION

1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

THE PARTIES

2.      At all times material hereto, Plaintiff, CHISHOLM, was and still is a foreign

business entity incorporated in Canada, with a principal place of business at 2 Bloor Street

West, Suite 3300, Toronto, Canada M4W 3K3.

3.      At all times material hereto, Defendant, M-POWER FOOD was and still is a

foreign business entity, with a registered office address of 76 Playfair Road, #03-06

Singapore, 367996.

4.      At all times material hereto, Defendant, M-POWER TRADING was and still is

a foreign business entity, with a registered office address of 15 West Coast Highway, #03-18

Pasir Panjang Wharves Building, Singapore 117861.


FACTS AND CLAIM

5.      During the period of April - May, 2008, Plaintiff CHISHOLM and Defendants,

M-POWER FOOD and M-POWER entered into a series of agreements, whereby

CHISHOLM agreed to provide various cargoes of dry dairy products to M-POWER FOOD

and M-POWER on the vessels CNAV RENAICO, MSC LUCY, M/V PACIFIC LINK, M/V

KIMTRANS EMPRESS, M/V BUSAN EXPRESS, M/V JITRA BHUM, NYK VESTA, and

MSC TANZANIA.

6.      These agreements constitute maritime contracts.

7.      The agreements provided for the shipment of cargo in containers.   Pursuant to

the terms and conditions agreed between the parties in the maritime contracts, M-POWER

FOOD and M-POWER agreed to, among other things, the compensation of the services

provided by CHISHOLM on the basis of "cost, insurance, and freight."

8.      Specifically, Defendants agreed to payment of ocean freight, as well as, cargo losses, demurrage, storage, and any additional costs due to events occurring after the time of delivery.

9.      The agreements provided for the period of shipment and delivery of the cargoes to take place during the months of May 2008 through June 2008. *See copies of the Bills of Lading, annexed hereto as Exhibit 1.*

10.     Pursuant to the terms and conditions of the agreements, Plaintiff CHISHOLM timely delivered the vessels carrying the aforesaid cargo to the discharge port of Singapore.

11.     Defendants M-POWER FOOD and M-POWER, breached their duties and obligations under the terms of the maritime agreements, and failed to remit full payment for the amounts due and owing to Plaintiff CHISHOLM.

12.     Pursuant to the terms of the agreements between the parties, ocean freight is currently due and owing to Plaintiff in the amount of USD 177,033.62.

13.     Thereafter as a result of the Defendant's breach, the cargo remained at the discharge port and demurrage accrued in the total amount of USD 438,061.09.

14.     As a result of Defendant's failure to fulfill its obligations in accordance with the parties' agreements, and despite Plaintiff's good faith efforts to mitigate its losses, CHISHOLM has sustained total principal damages of USD 615,094.71.

15.     Despite repeated demands for payment, Defendants in violation of their obligations under the terms and conditions of the agreements; have failed, neglected, and/or refused to make payment of said sum due and owing to Plaintiff, CHISHOLM.

16.     Accordingly, Plaintiff seeks recovery of principal damages in an amount not less than USD 615,094.71.

17.     In late 2008 Defendant M-POWER TRADING changed its name, first to FRAZER MARKETING PTE. LTD. and now to FRAZER TRADING PTE. LTD. *A copy of the print-out from the Accounting & Corporate Regulatory Authority of Singapore confirming the name changes is annexed hereto as Exhibit 2.*

18.     Pursuant to the terms of the agreements, all disputes arising thereunder are to be submitted to the Superior Court of Justice in Toronto, Ontario, with Canadian law to apply.

19.     Interest is recoverable by the prevailing party under applicable Canadian law.

20.     This action is brought in order to obtain security for Plaintiff's claims and to obtain jurisdiction over Defendants in aid of the underlying proceedings.

21.     As best as can now be estimated, CHISHOLM expects to recover the following amounts in the underlying proceeding from Defendants:

| | | |
|---|---|---|
| *A.* | *Principal claim:* | *$ 615,094.71* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | *$ 153,599.22* |
| | **Total Claim** | **$ 768,693.93** |

22.     Therefore, CHISHOLM's total claim for breach of the maritime agreements against Defendants M-POWER FOOD and M-POWER is in the aggregate USD 768,693.93.

## BASIS FOR ATTACHMENT

23.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for

the benefit of, the Defendant within this District held by various parties, as garnishees, including but not limited to electronic fund transfers.

24.    Defendants are continuously engaged in international shipping and conduct business in U.S. Dollars.  Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

25.    All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City.  The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

26.    Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the Defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including: ABN AMRO BANK, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, and Wells Fargo Bank.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.    That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos (*See Exhibit 3*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of USD 768,693.93 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
         September 30, 2009

CHALOS & CO, P.C.
Attorneys for Plaintiff
RONALD A. CHISHOLM LIMITED

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com